RECEIVED

NOV 2 1 2014

AT 8:30 ___ 11:57 A.M
WILLIAM T. WALSH, CLERK

TODD SIEGMEISTER
1 Palm Lake Road
NTHC Estates
East Lagon,
Ghana, West Africa
Local Tele: 201-953-5767
Pro Se Plaintiff


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TODD SIEGMEISTER　　　　　　　＊<br>　　　　　　　　　　　　　　＊<br>　　　　　　　　　　　　　　＊<br>　　　　　　　Plaintiff　　＊<br>　　　　　　　　　　　　　　＊<br>　　　　　　　　　　　　　　＊<br>　　vs.　　　　　　　　　　＊<br>　　　　　　　　　　　　　　＊<br>BRAY & BRAY, LLC.　　　　　＊<br>Attorneys at Law　　　　　＊<br>PETER BRAY, Esquire,　　　＊<br>GEOFFREY BRAY, Esquire,　＊<br>and SHEILA MARTELLO　　　　＊<br>　　　　　　　　　　　　　　＊<br>　　　　　　　Defendants　＊<br>　　　　　　　　　　　　　　＊<br>　　　　　　　　　　　　　　＊ | AMENDED COMPLAINT AND DEMAND<br>FOR JURY TRIAL AND FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF AND<br>DAMAGES FROM RACKETEERING,<br>CONSPIRACY TO ENGAGE IN A<br>PATTERN OF RACKETEERING<br>ACTIVITY AND RELATED CLAIMS<br><br>CIV. NO.: 14 6776 |

PARTIES


The Plaintiff, Todd Siegmeister, (hereinafter, Plaintiff) resides at 1 Palm Lake Road, East Lagon, Ghana, West Africa.

The Defendant, Bray & Bray, LLC (hereinafter, Defendant Law Firm), has a place of business located at Ivy Corporate Center, 100 Misty Lane, Parsippany, County of Morris, State of New Jersey.

The Defendant, Peter Bray, Esq. (hereinafter, Defendant Peter Bray, Esq.), is a senior partner at the law firm of Bray & Bray, LLC., who has a place of business located at Ivy Corporate Center, 100 Misty Lane, Parsippany, County of Morris, State of New Jersey.

The Defendant, Geoffrey Bray, Esq., (hereinafter, Defendant Geoffrey Bray, Esq.), is a junior partner at the law firm of Bray & Bray, LLC., who has a place of business located at Ivy Corporate Center, 100 Misty Lane, Parsippany, County of Morris, State of New Jersey.

The Defendant, Sheila Martello, (hereinafter, Defendant Martello), is an individual who has one place of residence located at 21A North Ward Avenue, Rumson, County of Monmouth, State of New Jersey. It is, upon information and belief, understood that the Defendant, Sheila Martello, also has a place of residence in the State of Florida.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this dispute, pursuant to the civil RICO remedies at 18 U.S.C. 1964, and the holdings of the Supreme Court in Tafflin vs. Levitt, 493 U.S. 455 (1990) and since

this matter is a civil action for RICO remedies authorized by Federal Statutes at 18 U.S.C. 1961 *et seq.*: for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this Court deems just and proper under all circumstances in this matter. See 18 U.S.C. ss (a) and ( c) (hereinafter, known as Civil RICO).

2.    With respect to the federal claims asserted herein, the Court's jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1331 because of diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

3.    With respect to any state claims asserted herein, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1367(a).

4. Venue is properly set in the Newark Vicinage because the Defendants, Bray & Bray, LLC., Peter Bray, Esq., and Geoffrey Bray, Esq., maintain an office located in Parsippany, in the County of Morris, in the State of New Jersey and the Defendant, Sheila Martello, has a place of residence in the State of New Jersey and, upon information and belief, the State of Florida as well.

## FACTS COMMON TO ALL COUNTS

1.    This case is now on appeal to the Appellate Division of the

Superior Court of the State of New Jersey where it is presently in its early stage as the Notice of Appeal had recently been filed on October 8, 2014 and the Appellant, Todd Siegmeister, the Plaintiff, herein, is awaiting a ruling on the Appellant's Notice of Appeal.

2. This matter involves several corporate loans which had been loaned by Sheila Martello (hereinafter known as *Martello*), one of the Defendants, herein, exclusively to three (3) corporate Defendants, all in varying loan amounts and in separate predicate acts which had been committed to writing as requested by Martello, a named Defendant, herein.

3. It is undisputed that the Defendant, Martello, loaned to three individual corporations known as, to wit: Crown Financial Solutions, LLC.; Crown Precious Metals Group, LLC. and Verde Tropical Development Group, LLC. Said corporations are the exclusive corporate borrowers of all funds loaned by Martello, a Defendant, herein.

4. Martello, a Defendant, herein, individually loaned Seven Hundred Eighty One Thousand Dollars, pursuant to separate and distinct Promissory Notes and Loan Agreements, to three (3) corporate borrowers which are named in the above paragraph, herein. Each of the following listed loans act as separate predicated acts for purpose of this Complaint as the loans are as follows, to wit:

a) On December 23, 2010, the Plaintiff loaned Crown Financial Solutions, LLC., the sum of Two Hundred Thousand

($200,000.00) Dollars. The Defendant, Martello, requested and had been provided by the corporate borrowers a separate Loan Agreement and Promissory Note. Both Martello and the corporate borrower had executed said Agreement and Note.

b) On January 13, 2011, the Plaintiff loaned Crown Financial Solutions, LLC., the sum of Two Hundred Thousand ($200,000.00) Dollars. The Defendant, Martello, requested and had been provided by the corporate borrowers a separate Loan Agreement and Promissory Note. Both Martello and the corporate borrower had executed said Agreement and Note.

c) On March 7, 2011, the Plaintiff loaned Crown Financial Solutions, LLC., the sum of One Hundred Fifty Thousand ($150,000.00) Dollars. The Defendant, Martello, requested and had been provided by the corporate borrowers a separate Loan Agreement and Promissory Note. Both Martello and the corporate borrower had executed said Agreement and Note.

d) On April 11, 2011, the Plaintiff loaned Crown Precious Metals Group, LLC., the sum of One Hundred Seventy Five Thousand ($175,000.00) Dollars. The Defendant, Martello, requested and had been provided by the corporate borrowers a separate Loan Agreement and Promissory Note. Both Martello and the corporate borrower had executed said Agreement and Note.

e) On June 3, 2011, the Plaintiff loaned Verde Tropical

Development Group, LLC., the sum of Fifty Six Thousand ($56,000.00) Dollars. The Defendant, Martello, requested and had been provided by the corporate borrowers a separate Loan Agreement and Promissory Note. Both Martello and the corporate borrower had executed said Agreement and Note.

5. On or about September 30, 2011 the Defendant, Martello, filed a complaint in the Superior Court of Morris County against the following parties, Todd Siegmeister, Crown Financial Solutions, LLC., Franco & Franco, Attorneys at Law, Robert A. Franco, Esq., and Randi K. Franco, Esq., Elliott H. Vernon, Esq., individually, Michael Kirkovitch, individually, Verde Tropical Development Group, LLC. and Crown Precious Metals Group, LLC. Said Complaint was based upon the non-payment of the loans provided by Martello to the three corporate Defendants named herein above in this Complaint. Each party named as a Defendant to the Superior Court action filed an Answer, whether acting as Pro Se Defendant or through the use of Counsel, to the Complaint of Martello.

6. On January 6, 2014 the Plaintiff, Martello, and the Defendants, Todd Siegmeister, Crown Financial Solutions, LLC., Franco & Franco, Attorneys at Law, Robert A. Franco, Esq., and Randi K. Franco, Esq., Elliott H. Vernon, Esq., individually, Michael Kirkovitch, individually, Verde Tropical Development Group, LLC. and Crown Precious Metals Group, LLC., in the Superior Court proceeding entered into Plaintiff drafted Stipulation of Settlement which had been signed by counsel for the parties, therein. The terms of the

Settlement state that if the Defendants, who are all of the
Defendants in the Superior Court action, were to pay Martello the sum
of Nine Hundred Thousand Dollars not later than six (6) months after
the January 6, 2014 date of the Stipulation of Settlement the matter
would be resolved and dismissed between the parties, thereto.

7. However, the Stipulation of Settlement, which had been
drafted solely by the law firm of Bray & Bray, LLC., and more
specifically, Geoffrey Bray, Esquire, stated in the event that the
full payment of Nine Hundred Thousand Dollars was not paid within six
months of the January 6, 2014 date, the Plaintiff would receive the
sum of One Million Seven Hundred Thousand Dollars from all of the
Defendants, therein, in that Superior Court litigation. Said
Defendants, as previously stated, herein, are Todd Siegmeister, Crown
Financial Solutions, LLC., Franco & Franco, Attorneys at Law, Robert
A. Franco, Esq., and Randi K. Franco, Esq., Elliott H. Vernon, Esq.,
individually, Michael Kirkovitch, individually, Verde Tropical
Development Group, LLC. and Crown Precious Metals Group, LLC.
Therefore, the Plaintiff and her counsel have created the overt act
preceded by a series of five predicated acts of now demanding a final
judgment in the amount of One Million Seven Hundred Thousand Dollars
which is more than Two Hundred (200%) Percent the amount of the
principal amount of the corporate loans which total the sum of Seven
Hundred Eighty One Thousand Dollars.

8.    The amount that Martello now demands, through the
preparation of the Stipulation of Settlement by Geoffrey Bray,

Esquire, have each and together jointly conspired to commit a violation of the State of New Jersey law and violates the New Jersey Usury and Interest Statute (N.J.S.A. 31:1-1 to 31:1-9 and N.J.S.A. 2C:21-19). Said total amount that Martello and her counsel, Geoffrey Bray, Esquire, seek by way of final judgment is a gross violation of the subject matter State law. Furthermore, none of individual Defendants, namely, Todd Siegmeister, Robert A. Franco, Randi K. Franco, Elliott H. Vernon nor Michael Kirkovitch, in the Superior Court litigation brought by Martello and her counsel, Geoffrey Bray, Esquire, both Defendants in this Federal Court action, are individual borrowers of any loans nor are any of these named individuals in the Superior Court litigation guarantors of the Corporate Promissory Notes for any of Martello's corporate loans.

9. Defendant Martello and Defendant Geoffrey Bray, Esquire, and his law firm Bray & Bray, LLC., have used the legal process to exact improper means of an illegal collection in violation of the New Jersey Usury and Interest Statute (N.J.S.A. 31:1-1 to 31:1-9 and N.J.S.A. 2C:21-19) as each individual Defendant in the Superior Court action, namely, Todd Siegmeister, Robert A. Franco, Randi K. Franco, Michael Kirkovitch nor Elliott H. Vernon, can not be charged by the Defendant, herein, Martello and her counsel, Geoffrey Bray, Esquire, with the repayment of One Million Seven Hundred Thousand ($1,700,000.00) Dollars on a combined aggregate loan amount of Seven Hundred Eighty One Thousand ($781,000.00) Dollars. Therefore, the interest rate that the Plaintiff and her counsel seek, under the Stipulation of Settlement, is more than the allowed legal limit for

which an individual or corporation may be charged under the New Jersey Statute as set forth, herein, above. In addition, said usurious interest rate began as of the date of the Stipulation of Settlement, prepared by Geoffrey Bray, Esquire on behalf of Martello, had been executed on January 6, 2014.

## FIRST COUNT

1. The Plaintiff incorporates by reference paragraphs 1 through 9 of the Facts Common to All section, above, as if same were set forth herein at length.

2. At various times and places enumerated in this matter, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. ss 1961(4), (5) (9) and 1962 (b).

3. During the three years preceding the filing of this Complaint all Defendants, herein, did cooperate jointly and severally in the commission of two (2) or more of the RICO predicated acts that are itemized in the RICO laws at 18 U.S.C. ss 1961 (1) (A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962 (b) (Prohibited activities).

4. Plaintiff further alleges that all of the Defendants,

herein this litigation, did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e., a continuing threat of their respective racketeering activities, also in violation of RICO law 18 U.S.C. 1962 (b) Pursuant to the original Statute at Large, the RICO laws itemized above are to be liberally construed by this Court. Said construction rule was never codified in Title 18 of the United States Code, however.

### SECOND COUNT

1. The Plaintiff incorporates by reference paragraphs 1 through 9 of the Facts Common to All section, above, as if same were set forth herein at length and incorporates by reference paragraphs 1 through 4, of the First Count, above, as if same were set forth herein at length.

2. At various times and places enumerated in this matter, all Defendants did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

3. Likewise, all Defendants did conduct and/or participate either directly or indirectly, in conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. ss 1961(4), (5), (9) and 1962 ( c).

3. During the three years preceding the filing of this
Complaint all Defendants, herein, did cooperate jointly and
severally in the commission of two (2) or more of the RICO
predicated acts, i.e. each time a loan was provided to the three
corporate borrowers, that are itemized in the RICO laws at 18
U.S.C. ss 1961 (1) (A) and (B), and did so in violation of the
RICO law at 18 U.S.C. 1962 ( c) (Prohibited activities).

4. Plaintiff further alleges that all of the Defendants,
herein this litigation, did commit two (2) or more of the offenses
itemized above in a manner which they calculated and premeditated
intentionally to threaten continuity, i.e., a continuing threat of
their respective racketeering activities, also in violation of
RICO law 18 U.S.C. 1962 (b) Pursuant to the original Statute at
Large, the RICO laws itemized above are to be liberally construed
by this Court. Said construction rule was never codified in Title
18 of the United States Code, however.

### THIRD COUNT

1. The Plaintiff incorporates by reference paragraphs 1
through 9 of the Facts Common to All section, above, as if same
were set forth herein at length and incorporates by reference
paragraphs 1 through 4, of the First Count, above, as if same were
set forth herein at length. The Plaintiff incorporates by

reference paragraphs 1 through 9, of the First Count, as if same were set forth herein at length and paragraphs 1 to 4 of the Second Count and paragraphs 1 to 4 of the Third Count as if same were set forth herein at length and incorporated by reference.

2. At various times and places enumerated in this matter, all Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. ss 1962 (b) and (d). See also U.S.C. ss 1961 (4), (5) and (9).

3. During the three years preceding the filing of this Complaint all Defendants, herein, did cooperate jointly and severally in the commission of two (2) or more of the RICO predicated acts, i.e. each time a loan was provided to the three corporate borrowers, that are itemized in the RICO laws at 18 U.S.C. ss 1961 (1) (A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962 ( c).

4. Plaintiff further alleges that all of the Defendants, herein this litigation, did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e., a continuing threat of their respective racketeering activities, also in violation of RICO law 18 U.S.C. 1962 (d). (Prohibited activities).

## RELIEF REQUESTED

**WHEREFORE**, pursuant to the Statutes at 18 U.S.C. 1964 (a) and
( c), the Plaintiff requests judgment against all named
Defendants, herein, as follows:

## ON COUNT ONE:

1.  That this Court liberally construe the RICO laws and
thereby find that all Defendants, both jointly and severally, have
acquired and maintained, both directly and indirectly, an interest
in and/or control of a RICO enterprise of persons and of other
individuals who were associated in fact, all of whom engaged in,
and whose activities did affect, interstate and foreign commerce
in violation of 18 U.S.C. 1962 (b). (Prohibited activities).

2. That all Defendants, herein, and their directors,
officers, employees, agents, partners and all other persons in
active concert or in participation with them, be enjoined
temporarily during the pendency of this action, and permanently
thereafter, from acquiring or maintaining; either directly or
indirectly, any interest in or control of any RICO enterprise of
persons, or of other individuals associated in fact, who are
engaged in, or whose activities do affect, interstate or foreign
commerce.

3. That all Defendants and all of their directors, officers, employees, agents, partners and all other persons in active concert or in participation with them, be enjoined temporarily during the pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in Count One, *supra*.

4. That all Defendants, herein, be required to account for all gains, profits and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. 1962 (b) and from other violations(s) of applicable State law(s) (N.J.S.A. 31:1-1 to 31:1-9 and N.J.S.A. 2C:21-19) and Federal law(s).

5. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits or advantages attributable to all violations of 18 U.S.C. 1962 (b), according to the best available proof including all attorneys fees paid by Defendant Martello to Defendant law firm of Bray & Bray and/or Geoffrey Bray, Esquire.

6. That all Defendants pay to Plaintiff treble damages, under the authority of 18 U.S.C. 1964 ( c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962 (b), according to the best available proof.

7. That all Defendants pay to the Plaintiff all damages

sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(b), according to the best available proof.

8. That all Defendants pay to the Plaintiff his costs of the lawsuit herein, including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel fees at the standard market rate for an attorney knowledgeable in this area of federal litigation from the start of this litigation.

9. That all damages caused by the Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962 (b) and from all other violation(s) of applicable State and Federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone (sic), for the benefit of Plaintiff, his heirs and assigns.

10. That Plaintiff has such other and further relief as this Court deems just and proper, under the circumstances of this action.

## ON COUNT TWO

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO enterprise of persons and of other individuals who were associated

in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962( c) (Prohibited activities).

2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated directly or indirectly, in the affairs of said RICO enterprise through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C. ss 1961(5) (*pattern* defined) and 1962( c).

3. That all Defendants and all of their directors, officers, employees, agents and partners and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from association with any RICO enterprise of persons, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

4. That all Defendants and all of their directors, officers, employees, agents and partners and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conducting or participating, either directly or indirectly, in the conduct of the affairs of any RICO enterprise through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C.

ss 1961 (5) and 1962( c) supra.

5. That all Defendants and all of their directors, officers, employees, agents and partners and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conducting or participating, either directly or indirectly, from committing any more predicate acts in furtherance of the RICO enterprise in COUNT TWO supra.

6. That all Defendants, herein, be required to account for all gains, profits and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. 1962©) supra and from all other violations(s) of applicable State law(s) (N.J.S.A. 31:1-1 to 31:1-9 and N.J.S.A. 2C:21-19) and Federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits or advantages attributable to all violations of 18 U.S.C. 1962( c), according to the best available proof including all attorneys fees paid by Defendant Martello to Defendant law firm of Bray & Bray and/or Geoffrey Bray, Esquire.

8. That all Defendants, herein, pay the Plaintiff treble damages under authority of 18 U.S.C. 1964 ( c) for all gains,

profits and advantages attributable to 18 U.S.C. 1962 ( c) supra, according to the best available proof.

9. That all Defendants, herein, pay the Plaintiff all damages sustained by the Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962 ( c) supra, according to the best available proof.

10. That the Defendants pay to the Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all mon-judicial enforcement and all reasonable counsel fees at the standard market rate for an attorney knowledgeable in this area of federal litigation from the start of this litigation.

11. That all damages caused by the Defendants, herein, and all gains, profits and advantages derived by all of the Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962 ( c) supra and from all other violation(s) of applicable State law(s) (N.J.S.A. 31:1-1 to 31:1-9 and N.J.S.A. 2C:21-19) and Federal law(s), be deemed to be held in a constructive trust, legally foreign with respect to the federal zone, for the benefit of the Plaintiff, his heirs and assigns.

12. That Plaintiff has such other and further relief as this Court deems just and proper, under the circumstances of this action.

**ON COUNT THREE**

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspire to acquire and maintain control of, a RICO enterprise engaged in a pattern of racketeering activity in violation of 18 U.S.C. ss 1961 (5), 1962 (b) and (d) supra.

2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct and participate in said RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. ss 1961 (5), 1962 ( c) and (d) supra.

3. That all Defendants and all of their directors, officers, employees, agents and partners and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO enterprise that engages in a pattern of racketeering activity in violation of 18 U.S.C. ss 1961 (5), 1962 (b) and (d) supra.

4. That all Defendants and all of their directors, officers, employees, agents and partners and all other persons in active concert or in participation with them, be enjoined temporarily

during pendency of this action, and permanently thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. ss 1961 (5), 1962( c) and (d) supra.

5. That all Defendants and all of their directors, officers, employees, agents and partners and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicated acts in furtherance of any RICO enterprise alleged in COUNT THREE, supra., conspiring to conduct, participate in, or benefit in any manner from any RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. ss 1961 (5), 1962( c) and (d) supra.

6. That all damages caused by the Defendants, herein, and all gains, profits and advantages derived by all of the Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962 (d) supra and from all other violation(s) of applicable State law(s) (N.J.S.A. 31:1-1 to 31:1-9 and N.J.S.A. 2C:21-19) and Federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits or advantages attributable to all violations of 18 U.S.C.

1962 (d) supra, according to the best available proof.

8. That all Defendants, herein, pay the Plaintiff treble damages under authority of 18 U.S.C. 1964 ( c) for all gains, profits and advantages attributable to 18 U.S.C. 1962 ( c) supra, including all fees paid by Defendant Martello to Defendant Bray & Bray or Geoffrey Bray, Esquire, and according to the best available proof.

9. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

10. That the Defendants pay to the Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all mon-judicial enforcement and all reasonable counsel fees at the standard market rate for an attorney knowledgeable in this area of federal litigation from the start of this litigation.

11. That all damages caused by the Defendants, herein, and all gains, profits and advantages derived by all of the Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962 (d) supra and from all other violation(s) of applicable State law(s) (N.J.S.A. 31:1-1 to 31:1-9 and N.J.S.A. 2C:21-19) and Federal law(s), be deemed to be held in a constructive trust,

legally foreign with respect to the federal zone, for the benefit of the Plaintiff, his heirs and assigns.

12. That Plaintiff has such other and further relief as this Court deems just and proper, under the circumstances of this action.

WHEREFORE, the Plaintiff demands judgment against the defendants, jointly and severally and in the alternative, for punitive damages, compensatory damages, all attorney's fees, costs of suit and whatever conditional or other relief the court may deem equitable and just.

TODD SIEGMEISTER

DATED: NOVEMBER 20, 2014                    By: _Todd Siegmeister_
                                               Todd Siegmeister, Pro Se


**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, Todd Siegmeister, is hereby designated as trial counsel for the Plaintiff in the within cause.

TODD SIEGMEISTER

DATED: NOVEMBER 20, 2014                    By: _Todd Siegmeister_
                                               Todd Siegmeister, Pro Se

## CERTIFICATION

I hereby certify that the within matter is not the subject of any other action pending in any other court, except as stated herein, or the subject of an arbitration proceeding and no such other action or arbitration is contemplated. I know of no other parties who should be joined in this action.

TODD SIEGMEISTER

By: _Todd Siegmeister_

Todd Siegmeister, Pro Se

DATED: NOVEMBER 20, 2014

## DEMAND FOR TRIAL BY JURY

The Plaintiff herein, Todd Siegmeister, requests a Trial by Jury on all issues so triable.

TODD SIEGMEISTER

By: _Todd Siegmeister_

Todd Siegmeister, Pro Se

DATED: NOVEMBER 20, 2014