NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIEGMEISTER, <br><br> Plaintiff, <br><br> v. <br><br> BRAY & BRAY, LLC, et al, <br><br> Defendants. | Civil Action No. 14-cv-6776 (SRC) <br><br> OPINION |

CHESLER, District Judge

This matter comes before the Court upon Defendants' motions to dismiss pro se Plaintiff's Amended Complaint. Plaintiff opposes the motions. The Court has considered the parties' submissions and proceeds to rule without oral argument. For the reasons set forth below, the Court will grant Defendants' motions and dismiss Plaintiff's Amended Complaint.

I.   BACKGROUND

A. Factual History

The Court gathers the following facts from Plaintiff's Amended Complaint, and it assumes them to be true for purposes of this motion only.

From January through June of 2011, Sheila Martello issued five loans to corporate entities. The aggregate value of the loans was approximately $785,000.

In September of 2011, Martello sued Todd Siegmeister and other defendants in New Jersey Superior Court. In that action, Martello asserted claims of fraud; misappropriation; civil

1

conspiracy to commit fraud; conversion, and seeking to pierce the corporate veil.

On January 6, 2014, the parties in that action reached a settlement that disposed of the case.  Specifically, Martello entered a stipulated agreement with Siegmeister, who was then represented by Andrew Walsh, Esq.; Martello reached another stipulated agreement with the other defendants.  On September 19, 2014, Martello moved to enter judgment in her favor based upon the term of the stipulations.  Siegmeister opposed the motion and cross-moved to invalidate the settlement agreements on the basis that they were allegedly usurious.

On September 19, 2014, the Superior Court denied Siegmeister's cross-motion and entered a final judgment in favor of Martello. The judgment against Siegmeister is for $900,000. Siegmeister appealed, and he represents that the matter remains pending in New Jersey court.

### B.  Procedural History

In October of 2014, Siegmeister ("Plaintiff" in this action) filed a complaint against Martello and her legal counsel:  Geoffrey Bray, Peter Bray, and Bray & Bray, LLC ("the Bray Defendants"), and on November 21, 2014, he filed an Amended Complaint.  In his pleadings, Plaintiff asserts that Defendants unlawfully maintained a RICO enterprise.  Specifically, he asserts that Martello and her legal counsel acted in concert to violate usury and RICO statutes by seeking exorbitant "interest" on Martello's loans.

On December 17, the Bray Defendants moved to dismiss Plaintiff's Amended Complaint. In support of their motion, they argue that the facts set forth in the Amended Complaint cannot support a Civil Rico claim.  Defendant Martello has also moved to dismiss, and she relies upon the Bray Defendants' brief.

Plaintiff opposes the motion.  He urges that the Amended Complaint satisfies the requirements needed to plead a violation of the Civil RICO statute.

## II. DISCUSSION

### A. Motions to Dismiss

A complaint will survive a motion to dismiss under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Following Iqbal and Twombly, the Third Circuit has held that to prevent dismissal of a claim the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). In other words, the facts alleged "must be enough to raise a right to relief above the speculative level[.]'" Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678. In reviewing a motion to dismiss under Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990)).

### B. Plaintiff's Allegations

In three counts, Plaintiff alleges that Defendants violated Sections 1962(a), (b), and (c) of the Civil Rico Statute. The Third Circuit has reviewed those provisions as follows:

> Section 1962(a) prohibits 'any person who has received any income derived … from a pattern of racketeering activity' from using that money to acquire, establish or operate any enterprise that affects interstate commerce. Section 1962(b) prohibits any person from acquiring or maintaining an interest in, or controlling any such enterprise 'through a pattern of racketeering activity.' Section 1962(c) prohibits any person employed by or associated with an enterprise affecting interstate commerce from 'conduct[ing] or participat[ing] ... in the conduct of such enterprise's affairs through a pattern of racketeering activity.' Finally, section 1962(d) prohibits any person from 'conspir[ing] to violate any of the provisions of subsections (a), (b), or (c).'
>
> [Banks v. Wolk, 918 F.2d 418, 421 (3d Cir. 1990)].

To demonstrate a "pattern of racketeering activity," as is required, Plaintiff must plausibly demonstrate the "commission of at least two predicate offenses on a specified list." Id. That list is provided by 18 U.S.C. 1961(1), which targets "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under State law and punishable by imprisonment for more than one year," or "any act which is indictable under [certain enumerated] provisions of [federal laws.]" See 18 U.S.C. 1961(1).

To satisfy that requirement, Plaintiff asserts that Defendants engaged in extortionate credit transactions, which may be considered a racketeering activity. Specifically, Plaintiff urges that the settlement agreements reached by the parties in state court constituted unlawful transactions because they were usurious. He emphasizes that Martello loaned corporate entities

4

only $785,000, and yet now, pursuant to the settlement agreements, she has received judgments totaling $1,700,000, which is far more than what she lent.

The Court must reject this argument as legally flawed. The settlement agreements reached by Martello, Plaintiff, and the other parties involved, are not loans nor credit transactions, and they therefore cannot constitute a racketeering activity. The enforcement of a settlement agreement is not the collection of a loan, and thus Plaintiff's attempt to frame Defendants' conduct as criminal or usurious debt collection does not follow. With respect to Plaintiff's claim that the agreements must be unlawful because they far exceed the amounts due on the underlying loans, the Court notes that the agreements resolved all of Martello's numerous claims, including her fraud allegations, which may explain why the figures are not closely tied to the underlying loan amounts. In light of Martello's claims for punitive damages and fees, the New Jersey Superior Court Judge highlighted that had Martello succeeded on her claims, damages could have actually exceeded the amounts reached in the settlement agreements.

Plaintiff alternatively seeks to satisfy the requirement of pleading "racketeering activity" by asserting that the original loans from Martello constituted extortionate credit transactions, again because they allegedly violated state usury laws. The Court must also reject this claim because, among other reasons, Martello's loans were all made to corporate entities and were for over $50,000, which exempts them from the cited regulations. See N.J.S.A. § 31:1-1(e)(1).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Civil RICO claims fail as a matter of law, and the Court will dismiss the complaint without prejudice. An appropriate Order will be filed.

                                                s/ Stanley R. Chesler
                                                STANLEY R. CHESLER
Dated:  April 9, 2015                 United States District Judge